IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON MARAMAG, | No. 10-04334 CW |
| Plaintiff, | ORDER FOR PROPER SERVICE |
| v. | |
| WASHINGTON MUTUAL BANK and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

Plaintiff Don Maramag filed his complaint on September 24, 2010 against four named Defendants: Washington Mutual Bank (Washington), Mortgage Electronic Registration Systems, Inc. (MERS), Fidelity National Title Group and Fidelity National Title Company (together, Fidelity). Plaintiff purported to serve Defendants by first class mail. See Docket nos. 4, 5, and 6. On November 3, 2010, Fidelity filed a motion to dismiss, to which Plaintiff did not respond. On December 13, 2010, the Court dismissed without prejudice the claims against Fidelity for failure to prosecute. Washington and MERS have not filed an answer or motion to dismiss.

Plaintiff's attempt to serve Washington and MERS was not proper. The requirements for properly serving a summons and complaint are set forth in Federal Rule of Civil Procedure 4. Once a proper summons has been issued by the court, the plaintiff must serve that summons on the defendants or ask the defendants to waive service. See Fed. R. Civ. P. 4(c), (d). To ask a defendant to waive service, a plaintiff must mail or deliver a copy of the complaint to the defendant along with a notice requesting that the defendant waive service. See Fed. R. Civ. P. 4(d)(2). Waiver forms are available at the clerk of the court's office. The plaintiff must provide thirty days for the defendant to respond and must include a self-addressed stamped envelope or other prepaid means by which the defendant can comply with the request. Id. If the defendant waives service, it has sixty days to respond to the plaintiff's complaint; if the defendant refuses to waive service, it must pay the plaintiff's costs of service unless it can show good cause for failing to waive service. See Fed. R. Civ. P. 4(d)(2), (3). If the defendant agrees to waive service, the plaintiff must file a copy of the waiver with the court in lieu of filing a proof of service. See Fed. R. Civ. P. 4(d)(4).

If the defendant does not waive service, the plaintiff must properly serve the defendant with the summons and complaint, following the requirements of federal or state law. See Fed. R. Civ. P. 4(e). Under federal law, when the defendant is a corporation or a partnership, the plaintiff must arrange for someone who is not a party to the case and who is at least eighteen years of age to hand deliver a copy of the documents to an officer,

a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. See Fed. R. Civ. P. 4(h)(1).  Under California law, when the defendant is a corporation, the plaintiff must arrange for the documents to be delivered to the president or other head of the corporation, a vice president, secretary or assistant secretary, treasurer or assistant treasurer, general manager, a person authorized by the corporation to receive service of process, or a person designated as an agent for service of process.  See Cal. Code Civ. Proc. §§ 416.10, 416.40(b).

Rule 4 directs that if service of the summons and complaint is not made on a defendant within 120 days of the filing of the complaint, the court shall dismiss the action without prejudice or direct that service be effected within a specified time.  See Fed. R. Civ. P. 4(m).

Plaintiff has not properly served Defendants Washington and MERS because he mailed the summons and complaint by first class mail to a general corporate address instead of arranging for personal service upon an appropriate officer or agent.  The deadline for service is January 26, 2011.  Because it is unlikely Plaintiff will be able properly to serve Defendants before January 26, 2011, the Court allows Plaintiff thirty additional days in which to file proofs of service showing that he properly served them.  These proofs of service must be filed by February 28, 2011. If Plaintiff does not file the proofs of service demonstrating proper service as ordered, the case will be dismissed without prejudice for failure to prosecute.  A date for a case management

3

conference will be set after Plaintiff files proper proofs of service.

IT IS SO ORDERED.

Dated: 1/24/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DON MARAMAG,

    Plaintiff,

v.

WASHINGTON MUTUAL BANK et al,

    Defendant.

Case Number: CV10-04334 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Don Maramag
6 Eisenhower Court
American Canyon, CA 94503

Dated: January 24, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

5